UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE KUHNAU, *et al.*, | No. C-13-1669 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |
| ALLIED PACKING & SUPPLY, INC., *et al.*, | |
| Defendants. | **(Docket No. 27)** |
| _____/ | |

Pending before the Court is Plaintiffs' Motion to Remand (Docket No. 27). Plaintiffs moved the Court to remand the current case back to state court, which was removed to federal court by Defendant Crane Co. pursuant to 28 U.S.C. § 1442(a)(1). Plaintiffs have contended that they tried unsuccessfully to procure a stipulation from Defendant Crane Co. to remand the current action on terms similar to a unilateral waiver of certain claims filed in this Court in a prior action. *See Pratt v. Asbestos Corp., Ltd.*, No. 11-cv-3503 EMC, 2011 WL 4433724 (Docket No. 9). This Court issued an Order to Show Cause why the current matter should not be remanded back to state court, as requested by Plaintiff. *See* Docket No. 57. For the reasons set forth below, the Court **GRANTS** Plaintiffs' motion to remand.

Plaintiffs and Defendant Crane Co. timely filed their respective responses to the Court's Order to Show Cause. *See* Docket Nos. 60 and 61. Plaintiffs have agreed to unilaterally file a waiver similar to the one filed in *Pratt v. Asbestos Corp., Ltd.* that would "waive all claims against defendant Crane Co. arising out of decedent Quentin Kuhnau's exposure to asbestos at any military and/or federal government jobsites, including, but not limited to exposure which occurred aboard

any United States Navy Vessels and/or United States Navy Shipyards." *See* Docket No. 60-1 (Ex. A to Worsey Decl.). The thrust of Defendant Crane Co's response is twofold. First, removal was initially proper based on the four corners of the relevant pleading, namely, Plaintiffs' complaint. Second, because Plaintiffs' proposed waiver does not constitute a dismissal and only a nonbinding waiver, it has no bearing on the propriety of removal. The Court finds neither contention impedes remand of the current action back to state court consistent with *Pratt v. Asbestos Corp.*, *Ltd.* and the holdings of other courts of this District.

The Court finds that if Plaintiffs file their proposed waiver, Defendant Crane Co.'s contentions are moot. Such a waiver would divest this Court of jurisdiction and would justify remand. As this Court held in *Pratt v. Asbestos Corp.*, *Ltd.*, Plaintiffs' filing of the proposed waiver does not bar Defendant Crane Co. from later renewing a request to remove the action to federal court if Plaintiffs decide to reverse course.

Accordingly, the Court **GRANTS** Plaintiffs' motion and **REMANDS** this action to state court conditioned upon Plaintiffs filing the proposed waiver in this Court.

This order disposes of Docket No. 27.

IT IS SO ORDERED.

Dated: June 21, 2013

_____
EDWARD M. CHEN
United States District Judge